Wxly, J.
The plaintiff sued the defendant, Mrs. Sallie Pope, on an account of some $900, for supplies advanced to a plantation which he alleges she cultivated in 1871, and alleging that she was about to leave the State permanently, he prayed for and obtained an attachment, under which three mules and a wagon were attached as her property.
Willis J. Pope intervened, claimed the property attached, and prayed to be decreed the owner thereof, and for judgment against plaintiff for two thousand dollars damages and one hundred dollars attorney’s fee. *255 Pending tlie litigation, the property was sold by order of the court, and the proceeds are in the hands of the sheriff. '
At the trial the court finding that the debt demanded of Mrs. Sallie Pope, a married woman, did not inure to her benefit, gave judgment in her favor against the plaintiff. It however decreed the sale of the mules and wagon from Sallie Pope to the intervenor, null and void at ■the instance of plaintiff.
Prom this judgment the intervenor alone has appealed.
The motion to dismiss the appeal, because the conditions stated in the bond are not in exact accordance with articles of the Code of Practice, is without weight. The bond was given in reference to the law, and, however inartistically drawn, it is a good bond. The motion is therefore denied.
As the plaintiff has not appealed, the decree below finally establishes that he is not a creditor of the defendant, Sallie Pope. Not being a creditor of the person against whom the attachment was directed, the plaintiff is without interest in this court to contest with the intervenor in regard to the validity of the sale of the mules and wagon to him by Mrs. Sallie Pope. It is shown he was in possession and had paid Mrs. Pope some six hundred dollars for the property. As neither Mrs. Pope nor any creditor of hers has demanded the nullity of the sale, it can not be rightfully decreed — at least at the demand of the plaintiff herein. But the plaintiff insists that, as Mrs. Pope claims no damages for the wrongful levy of the attachment, he has an interest in showing that the conveyance from her to the intervenor was invalid, because by so doing he will escape the claim for damages herein set up by the intervenor.
This suggestion is unworthy of consideration by the court. Parties are at liberty to convey their property as they please, and only their creditors, who are injured thereby, have cause to complain. It matters not what informalities affect the sale in question, as the plaintiff is not a creditor of the seller, Mrs. Pope, he can not complain. If he has abused the harsh remedy of attachment, he can not escape liability by questioning the title given by Mrs. Pope to the intervenor.
The actual damages sustained by the intervenor by the wrongful attachment of the three mules and the wagon we fix at three hundred dollars.
It is therefore ordered that the judgment herein, so far as it relate^ to the intervenor, Willis J. Pope, be annulled, and it is decreed that the intervenor was the owner of the property attached, and that he recover from the sheriff the proceeds of the sale thereof.
It is further ordered that he have judgment against the plaintiff for three hundred dollars damages and costs of both courts.
Rehearing refused.